**ROSE M. WEBER**
ATTORNEY AT LAW
225 BROADWAY • SUITE 1607
NEW YORK, NEW YORK 10007

FAX: (212) 233-5633                                                                              TELEPHONE: (212) 748-3355

July 23, 2008

**BY ECF**
Honorable James Orenstein
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Roosevelt McCoy v. City of New York, et al.*, 07 CV 4143 (RJD) (JO)

Your Honor:

Plaintiff writes to request respectfully that the Court order that a portion of the grand jury proceedings underlying the above-referenced matter be unsealed. Specifically, plaintiff seeks the grand jury testimony of the defendant police officers herein. Defendants take no position on this request.

Plaintiff is aware that federal courts sometimes require, as a matter of comity, that an application to unseal grand jury records first be made in state court.[1] Whether to impose that requirement, however, is entirely within Your Honor's discretion and plaintiff respectfully requests that the Court waive it in this instance.

First, this case presents the somewhat unusual circumstance of an unopposed application. *Compare with, e.g., Palmer v. Stuart*, No. 02 Civ. 4076, 2004WL2429806, at *2 (S.D.N.Y. Nov. 1, 2004) (Corporation Counsel opposed unsealing records). Second, the

---

[1] This is certainly not always the case. As an example, at an initial conference that I attended two or three years ago, Judge Kaplan in the Southern District decided, *sua sponte*, that he would order the underlying grand jury records unsealed.

details of this case are quite similar to *Palmer*, in which Magistrate Judge Gorenstein first sent the litigants to state court and then overrode the state court's decision.[2]

In *Palmer*, the Court (citing *In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996)) weighed three factors in deciding whether the plaintiff therein had "prove[n] a particularized need for the grand jury materials: whether the materials were necessary to avoid possible injustice in the civil proceeding, whether the need for disclosure was greater than the need for continued secrecy, and whether the request was structured to cover only necessary materials. *Id.* at *3.

In regard to the first factor, in the instant matter there can be no question that the transcripts of the officers' testimony are necessary to avoid possible injustice. At the summary judgment stage of these proceedings and at trial, defendants will argue that the grand jury indictment provides a presumption of probable cause. In order to rebut that presumption, plaintiff must show that the indictment was procured by perjury or other police misconduct. Plaintiff will be severely handicapped in that regard if he does not have the transcripts. This is analogous to the situation in *Palmer*, in which Magistrate Judge Gorenstein noted that the plaintiff therein had a specific need for the transcripts and was "not seeking the grand jury material merely in the unsupported hope that it will impeach witnesses at trial." *Id.* at *4.

In regard to the second factor, the Court laid out the five usual reasons proffered for grand jury secrecy:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* at *4.

In the instant matter, as in *Palmer*, it is apparent that rationales 1, 2, 3, and 5 do not apply. In regard to the fourth rationale, plaintiff urges the Court to adopt Magistrate Judge Gorenstein's reasoning rejecting the idea that future witnesses would not testify before a grand jury unless they were certain that their testimony would never be revealed: "After all, whenever

---

[2] Parenthetically, this seems to be the pattern with this type of case, and it is not at all clear to me how federal courts routinely overriding state court decisions furthers comity more than federal courts deciding the issue in the first instance.

a witness testifies for the prosecution at a criminal trial, the grand jury testimony of that witness relating to the subject matter of his or her trial testimony is automatically made available to the defendant." *Id.* at *5. Furthermore, and significantly, in the particular matter at bar, plaintiff seeks only the testimony of police officers, who presumably do not have a choice as to whether they testify in a grand jury.

In regard to the third factor, plaintiff is seeking the transcripts only of defendant police officers. It is hard to imagine a more narrowly-tailored request.

In sum, plaintiff has demonstrated the "particularized need" for grand jury materials elucidated in *Palmer* and similar cases. There is no reasonable rationale, based on public policy or other factors, for requiring plaintiff to go to the expense, effort, and delay of proceeding in state court before bringing this matter to Your Honor. Accordingly, plaintiff respectfully requests that the Court unseal the grand jury testimony of the individual defendants herein. Thank you for your consideration of this request.

Respectfully,

/s

Rose M. Weber (RW 0515)

cc:     Jessica Cohen, Esq. (by ECF)