```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROOSEVELT MCCOY,
                            Plaintiff,
                                                                    MEMORANDUM
                                                                    AND ORDER
            - against -
                                                                    CV 07-4143 (RJD) (JO)
CITY OF NEW YORK, et al.,
                            Defendants.
------------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiff Roosevelt McCoy ("McCoy") seeks an order unsealing portions of the state grand jury proceedings from the criminal prosecution that underlies the instant federal civil rights litigation. *See* DE 22. Specifically, McCoy seeks to obtain the state grand jury testimony of the police officer defendants named in the complaint. *Id.*; docket entry ("DE") 1 ("Complaint"). The defendants do not oppose the request. *See* DE 22. Nevertheless, for the reasons explained below, I deny McCoy's application without prejudice to renewal after attempting to secure relief from the state court that oversaw the grand jury proceedings.

New York law prohibits disclosure of "the nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding." N.Y. Crim. Proc. Law § 190.25(4)(a) (McKinney 2007). To be sure, this state law does not bind federal courts, but "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Wilson v. City of New York*, 2007 WL 4565138, at

*1 (E.D.N.Y. Dec. 21, 2007) (quoting *United States v. King*, 73 F.R.D. 103, 105 (E.D.N.Y. 1976)).  As such,

> federal courts will not order the disclosure of State grand jury proceedings unless the party seeking to compel the disclosure (1) gives the State courts the initial opportunity to adjudicate the request and (2) can demonstrate a "particularized need" for the grand jury materials.

*Id.* (citing, *e.g.*, *Palmer v. Estate of Stuart*, 2004 WL 2429806, at *2-3 (S.D.N.Y. Nov. 1, 2004)).  Indeed, in the overwhelming majority of cases from this circuit involving circumstances similar to the instant case, the court has either denied the request to unseal grand jury records because the movant did not first seek relief in state court, or noted that the issue was properly before it because she did.  *See, e.g.*, *Lehman v. Kornblau*, 206 F.R.D. 345, 349 (E.D.N.Y. 2001) ("[T]he court finds that as a matter of comity the plaintiff should first make his application to the state court that supervised the grand jury at issue."); *Wilson*, 2007 WL 4565138, at *2 (same); *Ruther v. Boyle*, 879 F. Supp. 247, 250-51 (same); *Waterman v. City of New York*, 1998 WL 23219, at *1 (S.D.N.Y. Jan. 13, 1998) ("Plaintiff correctly applied first to the court in which the grand jury had been impaneled, for that is the court that possesses and controls the minutes."); *Alvarado v. City of New York*, 2006 WL 22522511, at *2 (E.D.N.Y. Aug. 5, 2006) (same).

McCoy offers no compelling reason to deviate from that well-settled practice here, and I can discern none.  I therefore deny McCoy's application without prejudice to renewal after attempting to secure relief from the state court that oversaw the grand jury proceedings.

**SO ORDERED.**

Dated: Brooklyn, New York
       August 7, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge