**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ROOSEVELT MCCOY,
                        Plaintiff,

                  **MEMORANDUM
                  AND ORDER**

     - against -

                  CV 07-4143 (RJD) (JO)

CITY OF NEW YORK, et al.,
                        Defendants.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiff Roosevelt McCoy ("McCoy") has asserted that several individual police officers, only some of whom he has thus far identified by name, unlawfully deprived him of his civil rights; he further claims that the City of New York (the "City") is also liable for that deprivation of rights pursuant to *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978). *See* docket entry ("DE") 1 (Complaint). The defendants now seek to bifurcate the trial so that the claims against the individual police officers are tried first, and those against the City tried only in the event the individual officers are first found liable; they further seek to stay discovery related exclusively to the *Monell* claims pending resolution of their anticipated motion for summary judgment. DE 20. McCoy does not agree that he can recover from the City only if he first proves the individual defendants' liability. Moreover, he argues that if the claims are bifurcated, they should be scheduled for immediately consecutive trials before a single jury. Under either scenario he contends that there is no good reason to stay *Monell* discovery. DE 21. For the reasons set forth below, I deny both aspects of the defendants' motion. I further direct the parties to submit, no later than August 22, 2008, a revised joint discovery plan that includes proposed deadlines for the completion of all discovery, including that related only to the *Monell* claims.

I.      Applicable Law

A court has broad discretion to order separate trials on the basis of convenience, judicial economy, or avoiding prejudice. *See* Fed. R. Civ. P. 42(b) (authorizing bifurcation "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy"); *DeVito v. Barrant*, 2005 WL 2033722, at *11 (E.D.N.Y. Aug. 23, 2005) (citing *Ismail v. Cohen*, 706 F. Supp. 243, 251 (S.D.N.Y. 1989), *aff'd*, 889 F.2d 183 (2d Cir. 1990)); *Busch v. City of New York*, 2002 WL 31051589, at *2 (E.D.N.Y. Sept. 9, 2002). The moving party bears the burden of justifying bifurcation, and "separate trials are the exception rather than the rule." *Devito*, 2005 WL 2033722, at *11 (citing *Thrower v. Pozzi*, 2002 WL 91612, at *5 (S.D.N.Y. Jan. 24, 2002)).

Courts often assess the factors of convenience and judicial economy together. In cases involving claims against both individual defendants and municipal entities, the argument routinely advanced for bifurcation is that separate trials "could lead to an earlier and less costly disposition." *Ricciuti*, 796 F. Supp. at 85. The basis for that argument is that finding that the plaintiff failed to establish liability on the part of any municipal employee would normally preclude a finding of liability against the municipality itself under *Monell*; as a result, a bifurcated trial of the claims against the individual defendants might, depending on the outcome, dispose of the entire case. *See City of Los Angeles v. Heller*, 475 U.S. 796, 798-99 (1986) (*per curiam*) (municipal entities could not be held liable on plaintiff's unlawful arrest and excessive force claims where jury in bifurcated trial first found that individual officers inflicted no constitutional injury on plaintiff). This argument in favor of bifurcation glosses over an important fact: "under *Monell* municipal liability for constitutional injuries may be found to exist

2

even in the absence of individual liability...." *Barrett v. Orange County Human Rights Comm'n*, 194 F.3d 341, 350 (2d Cir. 1999). Such an outcome can be the result of a jury's determination that the individual defendants violated the plaintiff's rights but enjoy qualified immunity, or of a finding that the plaintiff's injuries are not solely attributable to the actions of the named individual defendants. *Id.*; *Curley v. Village of Suffern*, 268 F.3d 65, 71 (2d Cir. 2001).[1] Therefore it is simply not an inevitability that a bifurcated trial will promote judicial economy or convenience, even if the individual defendants escape liability in the first trial.

Courts that grant bifurcation to avoid prejudice have expressed a concern about the potential unfairness to individual defendants in a joint trial that includes evidence relevant only to the *Monell* claims. *See, e.g., Carson*, 1993 WL 260676, at *3 (evidence of police officer's past misconduct would be admissible against City defendants to prove that they were negligent but would be inadmissible against that individual officer); *Universal Calvary Church v. City of New York*, 1997 WL 473539, at *2 (S.D.N.Y. Aug. 19, 1997) (granting bifurcation to avoid prejudice to individual defendants arising from introduction against the City only of previous incidents involving the use of excessive force and unlawful arrests).

II.     Analysis

The defendants base their motion for bifurcation on "optimis[m]" that the individual named defendants will prevail at the summary judgment stage, and the municipal claims will therefore be dismissed. *See* DE 20 at 2. To the extent the defendants therefore implicitly argue that bifurcation is warranted for purposes of convenience and judicial economy, I disagree for

---

[1] In *Heller*, the jury was not instructed on any affirmative defenses that might have been asserted by the individual officer. 475 U.S. at 797-98.

two reasons. First, the individual defendants have asserted a qualified immunity defense. *See* DE 13 (Answer) ¶ 86 (pleading qualified immunity as a ninth affirmative defense). To be sure, there have been cases in which courts have granted a request to bifurcate a trial of a *Monell* claim despite an individual defendant's assertion of qualified immunity. An example of such a decision is *Ricciuti* – although I note that in that case the court acknowledged that two trials would be necessary if the individual defendants prevailed on their immunity defense and that "at least some duplication of witnesses and evidence" would be inevitable. 796 F. Supp. at 86. I find more persuasive the decisions of courts that deny bifurcation where an individual defendant asserts a defense of qualified immunity that, if successful, would not obviate trial of the *Monell* claim. *See*, *e.g.*, *Curley*, 268 F.3d at 71 ("*Heller* will not save a defendant municipality from liability where an individual officer is found not liable because of qualified immunity") (citations omitted). Second – although of lesser persuasive value in my view – it is unclear from the face of the Complaint whether the injuries that McCoy alleges are solely attributable to the actions of the named individual defendants. The Complaint attributes most of the actions at issue to the "defendants" collectively; in light of the fact that McCoy asserts his claims against several individual officers whom he has not yet sued in their true names (identified in the Complaint only as "P.O.s John and Jane Does #1-10"), Complaint ¶ 9, it is entirely possible that a judgment in favor of the named officers will not preclude a finding of liability against the City. There is thus a real possibility that bifurcation will not obviate the need for a trial of McCoy's *Monell* claims even if the individual defendants avoid liability. *See Barrett*, 194 F.3d at 350.

If the defendants seek bifurcation to avoid trial prejudice to the named individual officers, they have not said so or explained the basis for any such concern. I note in that regard that the

4

Complaint lists several "occurrences of similar wrongful conduct" through which McCoy asserts the court can infer the existence of unconstitutional customs and policies that give rise to the City's *Monell* liability. Complaint ¶ 68 (listing five separate cases brought in this district). Because the defendants have made no argument based on that allegation, I infer from their silence that they currently have no reason to believe that, in a joint trial of all claims and defendants, McCoy will seek to offer any evidence of such "occurrences" that would prejudice the individual officers on trial. Should that circumstance change after discovery is completed, the defendants will of course be free to renew their motion on the basis of such new information.

In short, the defendants have offered no convincing argument that the bifurcation they seek will advance the interests of the parties' convenience, judicial economy, or the avoidance of unfair prejudice to any party. I therefore deny the motion for bifurcation. I further deny the motion to stay discovery related to the *Monell* claims. I would reach that result even if I were to grant bifurcation, so as to preserve the ability of the assigned district judge to conduct both phases of a bifurcated trial before the same jury.

III. Conclusion

For the reasons set out above, I deny the defendants' motion for bifurcation and for a stay of discovery. I further direct the parties to submit, no later than August 22, 2008, a revised joint discovery plan that includes deadlines for the completion of all discovery.

**SO ORDERED.**

Dated: Brooklyn, New York
August 13, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge